IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

MARCO ANTHONY RUIZ,

     Petitioner,

v.

                                        2:25-CV-126-Z
                                        (2:20-CR-136-Z-BR (17))

UNITED STATES OF AMERICA,

     Respondent.

## MEMORANDUM OPINION AND ORDER

Petitioner Marco Anthony Ruiz ("Ruiz") filed a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. Section 2255 ("Motion"). ECF No. 5. For the reasons stated below, the Motion is **DENIED**.

### BACKGROUND

The record in Ruiz's underlying criminal case, No. 2:20-CR-136-Z-BR (17) (the "CR"), reflects the following:

On June 24, 2021, Ruiz pleaded guilty to one count of Distribution and Possession with Intent to Distribute Methamphetamine and Aiding and Abetting, in violation of 21 U.S.C. Sections 841(a)(1), 841(b)(1)(C) and 18 U.S.C. Section 2. CR ECF Nos. 506, 860. On October 26, 2021, Ruiz was sentenced to 240 months in prison, followed by three years of supervised release. CR ECF Nos. 766, 855. Judgment was entered on October 27, 2021. CR ECF No. 784. The U.S. Court of Appeals for the Fifth Circuit dismissed Ruiz's direct appeal as frivolous on September 6, 2022. CR ECF Nos. 902, 903.

Ruiz's Motion to Vacate was received by the Court on June 9, 2025. CR ECF No. 972. Because Ruiz's motion appears untimely, the Court directed him to respond by July 13, 2025, regarding application of the one-year limitations period and whether it should be tolled. ECF

No. 3. Ruiz responded on July 9, 2025, alleging that the Court has no subject-matter jurisdiction over him but failing to address either limitations or tolling. ECF No. 4. On September 9, 2025, Ruiz filed an Amended Motion to Vacate, in which he argues for the first time that he is entitled to equitable tolling and, alternatively, that the limitations provision of the AEDPA is unconstitutional. ECF No. 5. After a review of the relevant pleadings and law, the Court concludes that Ruiz's Section 2255 motion is barred by limitations and should be dismissed.

### LEGAL ANALYSIS

#### A. Statute of Limitations.

A motion under Section 2255 is subject to a one-year limitation period, which begins to run from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2255(f). Ruiz does not allege any facts that could trigger a starting date under Sections 2255(f)(2)-(4), so the limitations period began to run when his judgment of conviction became final. *See* Section 2255(f)(1). The Fifth Circuit dismissed Ruiz's appeal on September 6, 2022, so for his motion to have been timely under 2255(f)(1), he must have filed the motion

2

no later than December 5, 2023.[1] *See United States v. Gentry*, 432 F.3d 600, 604 (5th Cir. 2005) (holding that a conviction becomes final for Section 2255 purposes at the expiration of the direct appeal process). Pursuant to the prison mailbox rule, Ruiz filed his Section 2255 motion on June 2, 2025, at the earliest, so it is untimely in the absence of equitable tolling. *See* ECF No. 2 at 12.

### B. Subject-Matter Jurisdiction.

Ruiz first argues that the Court had no subject-matter jurisdiction over him in his underlying criminal proceeding. ECF No. 2 at 10. His argument is replete with the hallmarks of the sovereign citizen movement, and such sovereign citizenship principles are uniformly considered to be legally frivolous:

> Sovereign-citizen legal arguments . . . are indisputably meritless. So-called sovereign citizens argue that, though they are born and reside in the United States, they are their own sovereigns and are not United States citizens. They claim as grounds for this belief the Uniform Commercial Code, maritime and admiralty law, the idea of strawman trusts, and Bible verses. Sovereign citizens often attempt to use these beliefs to "avoid paying taxes, extinguish debts, and derail criminal proceedings." However, these citizens cannot claim to be sovereigns independent of governmental authority while they simultaneously ask the judicial system to grant them recourse.

*Westfall v. Davis*, No. 7:18-CV-023, 2018 WL 2422058, at *2 (N.D. Tex. May 4, 2018) (citations omitted), *rec. accepted*, 2018 WL 2414794 (N.D. Tex. May 29, 2018). No plaintiff or petitioner "may 'discharge' their debt, *i.e.*, a conviction, sentence or other basis for detention, under the UCC or other civil statutes and treaties'" or under the mantle of sovereign citizenship. *Chineme v. Steven of Meyer Fam.*, No. 3:21-CV-1855, 2021 WL 3816341, at *2 (N.D. Tex. Aug. 12, 2021) (citation omitted), *rec. accepted*, 2021 WL 3810913 (N.D. Tex. Aug. 25, 2021). Sovereign citizen legal arguments "are not valid in the courts of the United States" and have been overwhelmingly rejected for years as frivolous. *Mack v. Sweet*, No. 4:17-CV-434, 2017

---

[1] Ruiz's conviction became final on December 5, 2022, after expiration of his deadline to file a petition for writ of certiorari with the U.S. Supreme Court. *See* USSC R. 13.

3

WL 6756667 (N.D. Tex. Dec. 4, 2017), at *3–4; *see Watson v. Tex. State Univ.*, 829 F. App'x 686 (5th Cir. 2020) (per curiam); *United States v. Campbell*, No. 6:23-CV-056, 2024 WL 1962899 (S.D. Tex. May 2, 2024) (noting that "sovereign citizen arguments . . . are not cognizable in a habeas proceeding and are indisputably meritless" in rejecting such arguments in Section 2255 context) (internal quotation omitted). Ruiz's challenge to the Court's subject-matter jurisdiction is meritless.

### C. Equitable Tolling.

The AEDPA statute of limitations can be tolled in "rare and exceptional circumstances." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The doctrine of equitable tolling "preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (internal quotation marks omitted). It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *United States v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016). A movant is entitled to equitable tolling only if he shows that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). "[E]quity is not intended for those who sleep on their rights." *Covey v. Ark. River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). The movant bears the burden to show his entitlement to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (per curiam). Courts must examine each case to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Unexplained delays do not evince due diligence or rare and extraordinary circumstances. *Id.* 715.

Ruiz does not allege that he was actively misled about his habeas remedies or that he

4

was prevented in some extraordinary way from asserting his rights. Instead, he alleges that, after sentencing, he was transferred to state custody to finish serving his sentence for a probation violation. While there, he asserts, he had no access to federal law and could not research or prepare his claims. ECF No. 5 at 10. However, he alleges no facts indicating that he was prevented from filing his federal petition, nor has he shown that he diligently pursued his rights. Extended periods of inactivity clearly indicate a lack of due diligence, and unexplained delays do not evince rare and extraordinary circumstances that warrant relief. *Fisher*, 174 F.3d at 715. Further, neither Ruiz's *pro se* status nor any purported unfamiliarity with the law rises to the level of a rare or exceptional circumstance that would warrant equitable tolling. *See United States v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008). On this record, Ruiz has not met his burden to establish that equitable tolling is warranted. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (per curiam).

### D. Constitutionality of the AEDPA.

Ruiz next alleges that, should the Court determine he is not entitled to equitable tolling, it should find that the AEDPA's one-year statute of limitations is unconstitutional as an unlawful suspension of the writ of habeas corpus. ECF No. 5 at 11. However, the constitutionality of the AEDPA—and its limitations provision—is well established. The Fifth Circuit repeatedly has held that the AEDPA's statute of limitations only alters the procedure for bringing a habeas petition and does not unconstitutionally suspend the writ. *See, e.g., Rojas v. Cockrell*, 44 F. App'x 652 (5th Cir.), *cert. denied*, 537 U.S. 1032 (2002); *Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). "Every other federal court of appeals to address the question has reached the same conclusion," *Rojas*, 44 F. App'x at 652 (collecting cases). Ruiz's argument is meritless.

### CONCLUSION

For the foregoing reasons, Ruiz's motion to vacate sentence under 28 U.S.C. Section

2255 is **DISMISSED with prejudice** as barred by the one-year statute of limitations. *See*

28 U.S.C. Section 2255(f); Rule 4(b) of the Rules Governing Section 2255 Proceedings.

**SO ORDERED**.

November __21__, 2025

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

6